**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Stuart Moffett,

Plaintiff,

v.

Robin-Renee Keys,

Defendant.

No. CV-26-00364-PHX-SHD

**ORDER**

Pending is Defendant Robin-Renee Keys's motion to dismiss Plaintiff Stuart Moffett's First Amended Complaint ("FAC") under Arizona's anti-SLAPP statute, Ariz. Rev. Stat. § 12-751, and Federal Rule of Civil Procedure 12(b)(6). (Doc. 17.) The motion is fully briefed. (Docs. 18, 19.) For the reasons stated below, the motion will be **granted.**[1]

## I. BACKGROUND

Moffett, proceeding pro se, brings a single claim for defamation against Keys, an attorney based in Alabama who works at the law firm Bradley Arant Boult Cummings LLP. (Doc. 10 at ¶¶ 4, 27–33.) He alleges that between November 2 and November 5, 2025, Keys "authored written communications" about him "in connection with a dispute involving Ally Financial." (*Id.* at ¶ 5.) In those communications, Keys allegedly stated that Moffett "was asserting theories associated with the 'sovereign citizen' movement and 'vapor money' ideology." (*Id.* at ¶ 6.) Moffett alleges that these statements were false because he "has never asserted or advocated sovereign-citizen ideology or 'vapor money'

---

[1] I find this motion suitable for decision without oral argument. *See* LRCiv 7.2(f).

theories." (*Id.* at ¶¶ 8–9.) He alleges that Keys circulated the statements by corporate email to "representatives of [her] client and other attorneys within [her] law firm." (*Id.* at ¶¶ 10–11, 22.) He claims that, as a result, he suffered "reputational harm, humiliation, and emotional distress," (*id.* at ¶ 26), and he seeks compensatory and punitive damages, (*id.* at 4).

The "dispute involving Ally Financial" to which Moffett refers is a lawsuit that Moffett filed in September 2025.[2] *Moffett v. Ally Cap. Corp.*, No. CV-25-04070-PHX-SHD (D. Ariz. Oct. 29, 2025) (*Moffett I*). In that suit, Keys represented the defendant, Ally Bank. There, Moffett alleged that he had fully satisfied a more than $20,000 car loan by sending Ally Bank a billing statement to which he added several handwritten notations and his signature. *Moffett I*, Doc. 54 at 3. In a motion for judgment on the pleadings, Keys argued that Moffett's claims were premised on sovereign citizen theories and should be rejected as frivolous. *Moffett I*, Doc. 23 at 7. In support, she cited a series of cases that identified the hallmarks of sovereign citizen claims and dismissed them as frivolous. (*Id.*) Moffett then moved for sanctions against Keys for using the term "sovereign citizen," which he called "a stigmatizing ideological label." (*Moffett I*, Doc. 25 at 1.) On September 21, 2026, I denied the motion for sanctions, holding that Ally Bank's use of the term was 'legitimate legal argument,' and dismissed Moffett's claims with prejudice as frivolous. (*Moffett I*, Doc. 54 at 5.)

While his motion for sanctions in *Moffett I* was pending, Moffett filed this action. (Doc. 1.) Here, Moffett asserts that he does not challenge statements Keys made in "any pleading, motion, affidavit, or other document filed with a court" but, instead, those she disseminated to her client and law firm colleagues "outside judicial filings and beyond what was reasonably necessary for litigation." (Doc. 10 at ¶¶ 12, 20.) Moffett does not identify any particular statement that Keys allegedly made or communication she allegedly

---

[2] I take judicial notice of *Moffett I* and the orders issued in that case. *See* Fed. R. Evid. 201(b); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (recognizing that courts "may take judicial notice of court filings and other matters of public record").

sent. (*See generally* Doc. 10.) Nor does Moffett allege any particular recipient of any such statement or communication, instead referring generally to her client and colleagues. (*Id.*)

On March 25, 2026, Keys moved to dismiss Moffett's FAC, arguing that it was barred by Arizona's anti-SLAPP statute and failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. 17.) Moffett responded to the motion and Keys replied.[3] (Docs. 18, 19.) Because I will grant the motion to dismiss under Rule 12(b)(6) with prejudice, I decline to reach Keys's anti-SLAPP argument.

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true" and construed in a light most favorable to the plaintiff, "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified). A claim is plausible if the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In making this determination, legal conclusions are not accepted as true, nor are "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" considered. *Id.*; *see also id.* ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (citation modified)). That said, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need *detailed* factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (emphasis added). A "well-pleaded complaint may proceed even if . . . actual proof of those facts is improbable, and [ ] a recovery is very remote and unlikely." *Id.* at 556 (citation modified). Pro se filings must be construed "liberally when evaluating them under *Iqbal*." *Jackson v. Barnes*, 749 F.3d 755, 763–64 (9th Cir. 2014).

---

[3] In his Response, Moffett asks me to strike Keys's motion for failure to meet and confer. (Doc. 18 at 1–2.) Keys has established that she attempted to meet and confer. She emailed Moffett on March 18, 2026, one week before her responsive pleading was due, and asked for his response by March 25. (Doc. 19 at 2–3; see Doc. 18-1.) Moffett's email proposing times to confer, sent at 11:05 p.m. on the day Keys's motion was due and after the motion had been filed, does not show good faith participation in the meet-and-confer process on his part. (Doc. 19 at 3–4.) Moffett's motion to strike is denied.

## III. DISCUSSION

Under Arizona law, a private-figure plaintiff bringing a defamation claim must plead that (1) the defendant made a false and defamatory statement concerning the plaintiff; (2) the defendant published the statement to a third party without privilege; and (3) the defendant knew the statement was false, acted in reckless disregard of its truth or falsity, or negligently failed to ascertain its truth. *See Boswell v. Phoenix Newspapers, Inc.*, 730 P.2d 178, 180 (Ct. App. Ariz. 1985); *Peagler v. Phoenix Newspapers, Inc.*, 560 P.2d 1216, 1222 (Ariz. 1977). Moffett's FAC does not plausibly allege any of these elements.

To begin, the FAC is wholly conclusory. Moffett alleges that Keys "authored written communications concerning [him]" sometime between November 2 and 5, 2025, (Doc. 10 at ¶ 5). He alleges that those communications stated he "was asserting theories associated with the 'sovereign citizen' movement and 'vapor money' ideology," (*id.* at ¶ 6), and that Keys "communicated these statements to third parties, including representatives of [her] client and other attorneys within [her] law firm," (*id.* at ¶ 10). But he does not identify any specific communication. Nor does he quote or describe what any communication actually said, the context in which it was made, or name any recipient. *Lloyd v. Lakritz*, 2016 WL 2865873, at *6 (D. Ariz. May 17, 2016) (dismissing defamation claim because the plaintiff "fail[ed] to identify the content of any alleged defamatory statement, the context in which it was made, whether the statement was spoken or written, where the statement was made, when it was made, and to whom it was published"). The remaining allegations simply recite the elements of a defamation claim: that the statements "were false," that Keys "published the statements to third parties," and that she "acted at least negligently regarding their truth or falsity." (Doc. 10 at ¶¶ 8, 25, 28–31.) Such "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not enough. *Iqbal*, 556 U.S. at 678. Moffett's Response does not add anything; it asserts only that he "alleges each element." (Doc. 18 at 3.)

Moreover, the statements allegedly made by Keys liken Moffett's claims in *Moffett I* to those brought by sovereign citizens and adherents of "vapor money" theories. (Doc.

10 at ¶¶ 6, 28.) Those statements are not false. As I explained in *Moffett I*, Moffett's claims there "bear several hallmarks of the sovereign citizen ideology," and I dismissed his claims as frivolous accordingly. *Moffett I*, Doc. 54 at 5, 12. Comparing Moffett's claims to sovereign citizen claims is therefore "legitimate legal argument." *Id.* at 5. A statement need only be substantially true, so long as its "gist" or "sting" is justified. *Read v. Phoenix Newspapers, Inc.*, 819 P.2d 939, 941 (Ariz. 1991). Characterizing Moffett's claims as sovereign citizen type claims easily meets that standard.

Moffett argues that truth is an affirmative defense that cannot be resolved on a motion to dismiss. (Doc. 18 at 3.) But falsity is an element of the claim that Moffett must plausibly plead. *See Boswell*, 730 P.2d at 180; *cf. Miesegaes v. Allenby,* 2022 WL 16756359, at *1 (9th Cir. Nov. 8, 2022) ("[Plaintiff] failed to plead the first element of defamation: falsity."). Regardless, dismissal based on an affirmative defense is appropriate when the defense is established on the face of the complaint and matters subject to judicial notice. *Skydiving Sch., Inc. v. GoJump Am., LLC*, 2025 WL 502491, at *1 (9th Cir. Feb. 14, 2025). That is the case here: Moffett's own description of the statements, together with my ruling in *Moffett I*, establishes their substantial truth.

Nor has Moffett plausibly alleged publication to a third party without privilege. His allegation that Keys made these statements to her client and law firm colleagues is pure speculation, unsupported by any factual allegation. (*See* Doc. 10 at ¶¶ 10–11, 22.) And even if Keys did make such statements, they would be privileged—they would be communications between an attorney and her client, or between an attorney and her colleagues, about the client's pending litigation. *See Green Acres Tr. v. London*, 688 P.2d 617, 621–24 (Ariz. 1984); Restatement (Second) of Torts § 586 (1977).

Finally, Keys contends that the only statement Moffett *could* be relying on is a November 2025 meet-and-confer email she sent him in *Moffett I*.[4] (*See* Doc. 17-2.) As an initial matter, Keys has no obligation to identify a specific statement on Moffett's behalf.

---

[4] To the extent Moffett's claim rests on the email, it forms the basis of his claim and may be considered under the incorporation-by-reference doctrine, and Moffett does not dispute its authenticity. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

It is Moffett's burden to plead the statement on which his claim rests. *See Iqbal*, 556 U.S. at 678. In any event, to the extent the email is the basis of his claim, which Moffett does not dispute in his Response, (*see generally* Doc. 18), it cannot support a defamation claim. In the email, Keys quoted a case holding that claims materially similar to Moffett's were "premised on theories of the sovereign citizen movement," and that claims "premised on 'vapor money' type theories" are frivolous. (Doc. 17-2 at 4–5.) Those are legitimate legal arguments, not false statements of fact. The email was also sent only to Moffett and was not published to any third party. (*Id.* at 2–8.) And because Keys was making a legitimate legal argument supported by case law, the email does not suggest that she knowingly, recklessly, or negligently disregarded the falsity of her statements.

Moffett has therefore failed to state a claim for defamation, and his FAC will be dismissed under Rule 12(b)(6).

## IV. LEAVE TO AMEND

Moffett has not requested leave to amend. (*See generally* Doc. 18.) Because he is proceeding pro se, however, I consider whether leave is warranted. If a pleading can be cured by the allegation of other facts, a pro se litigant is generally entitled to an opportunity to amend before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc). But leave to amend need not be granted where amendment would be futile. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Courts may also consider "bad faith, undue delay, prejudice to the opposing party, . . . and whether the party has previously amended the complaint." *Id.*; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). And where a plaintiff has already amended and failed to cure the deficiencies, the court's discretion to deny further leave is "particularly broad." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (quotation marks omitted).

I will deny leave to amend. Moffett has amended his complaint once, in response to a materially identical motion to dismiss. (*See* Docs. 9, 10, 11.) That motion put him on notice of the same deficiencies identified above. Yet the FAC still is devoid any specific statement or any recipient, and neither the FAC nor Moffett's Response offers any

additional facts that would cure these defects. (*See generally* Docs. 10, 18.) More fundamentally, no amendment could make it false to characterize Moffett's claims in *Moffett I* as resembling sovereign citizen claims, because I have held that characterization to be legitimate legal argument. Amendment would therefore be futile.

Further, Moffett appears to have brought this lawsuit in bad faith. He sued Keys, opposing counsel in *Moffett I*, over essentially the same conduct for which he was simultaneously seeking sanctions in that case: her characterization of his claims as sovereign citizen type claims. (*See* Doc. 1; *Moffett I*, Doc. 25.) He did so without identifying any actual statement she made to any third party. The record therefore suggests that this action was brought to harass Keys and to deter her from defending her client in *Moffett I*, not to vindicate any genuine reputational injury. Any further amendment would only perpetuate Moffett's bad-faith conduct. Moffett's FAC will be dismissed with prejudice.

## V. CONCLUSION

In sum, Moffett's FAC does not plausibly allege any element of a defamation claim. He identifies no specific statement and no non-privileged publication to a third party. And likening his claims in *Moffett I* to sovereign citizen claims is legitimate legal argument, not a false statement. Because Moffett has amended once without curing these defects, any further amendment would be futile.

Accordingly,

**IT IS ORDERED** granting Keys's Motion to Dismiss (Doc. 17) and dismissing Moffett's First Amended Complaint with prejudice.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly and close this case.

Dated this 28th day of October, 2026.

Honorable Sharad H. Desai
United States District Judge